**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marcelino PORTILLO-RIVERA,
Defendant-Appellant.**

**No. 16-10111**

United States Court of Appeals,
Ninth Circuit.

---

Submitted October 18, 2017 \* San Francisco, California

Filed November 13, 2017

Matthew Binford, Assistant Attorney General, USPX—Office of the US Attorney, Phoenix, AZ, for Plaintiff-Appellee

Molly Alana Karlin, Esquire, FPDAZ-Federal Public Defenders Office (Phoenix) Phoenix, AZ, for Defendant-Appellant

Before: THOMAS, Chief Judge, and WALLACE and CALLAHAN, Circuit Judges.

## MEMORANDUM \*\*

Marcelino Portillo-Rivera was convicted pursuant to a conditional guilty plea of one count of being an illegal alien in possession of a firearm. On appeal, he asserts that his statements and the photographs found on his cell phone should have been suppressed because the *Miranda* warnings were inadequate and he did not waive his right to counsel. We affirm.[1]

The denial of a motion to suppress is reviewed de novo, but the factual findings underlying the district court's decision are reviewed for clear error. *United States v. Brobst*, 558 F.3d 982, 995 (9th Cir. 2009); *United States v. Perez-Lopez*, 348 F.3d 839, 844 (9th Cir. 2003).

**1.** The district court's determinations that Portillo-Rivera was given *Miranda* warnings and understood them is sup-

ported by the record. Portillo-Rivera was given Miranda warnings in the field and again when he arrived at the Border Patrol station, and he signed a form stating that he had been given a *Miranda* warning. Portillo-Rivera's testimony in the district court does not show any sign of confusion as to his *Miranda* rights.

**2.** The district court's determination that Portillo-Rivera did not invoke the right to counsel with the clarity necessary to prohibit further questioning is also sound. The record supports the district court's findings that Portillo-Rivera "asked whether he would still be able to have an attorney during trial if he talked with the Border Patrol agents" and that Portillo-Rivera did not unambiguously request an attorney. The government met its burden of clarifying Portillo-Rivera's statements regarding his right to counsel. Agents asked if Portillo-Rivera wished to speak without an attorney present and informed him that he could invoke his right to counsel at any time by asking for an attorney. *See United States v. Rodriguez*, 518 F.3d 1072, 1080 (9th Cir. 2008).

**3.** Portillo-Rivera's remaining contentions do not merit relief. Even if Agent Peterson's testimony as to what Portillo-Rivera said might be considered hearsay, it would be admissible. *See United States v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial."). Finally, the record belies Portillo-Rivera's assertions that there was insufficient evidence "to satisfy the Government's

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. As the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

burden to prove waiver," and that the district court erroneously shifted the burden of proof to Portillo-Rivera. The government supported its assertion that Portillo-Rivera had waived his *Miranda* right with testimony from agents Peterson, Kinnally, Berger, and Halaby, and the district court specifically stated that the government had the burden of proof.

The district court's denial of Portillo-Rivera's motion to suppress, the judgment of conviction, and the sentence, are **AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.